UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
14-10064-MLW

UNITED STATES OF AMERICA

v.

EDDY ARIAS-TEJEDA

**ORDER OF DETENTION**

May 26, 2020

DEIN, U.S.M.J.

**I. BACKGROUND**

On October 7, 2015, the defendant was sentenced to 42 months of imprisonment followed by 36 months of supervised release after pleading guilty to the charge of illegal re-entry of a deported alien in violation of 8 U.S.C. §§ 1326(a) & 1326(b)(2). After serving his sentence of incarceration, the defendant was deported on March 7, 2019. He was arrested on August 14, 2019 as part of a drug investigation being conducted in Westwood, Massachusetts. He was charged in state court with trafficking in a Class B substance, Cocaine 50 plus grams; possession with intent to distribute a Class B substance, Percocet 40 plus pills; and possession with intent to distribute a Class B substance, MDMA pills. He is now charged with violating conditions of supervised release by committing another federal, state or local crime while on release, and by returning to the United States without permission after being deported. The defendant's family posted bond on the state court charges with the understanding that he

would be brought to Federal Court to answer the charges of violating conditions of supervised release.

The defendant is presently being held at the Norfolk County House of Correction. He is seeking release due to the COVID-19 pandemic. The defendant's medical records indicate that he suffers from hypertension, which seems to be successfully treated with medication, and polycystic kidney disease, which is asymptomatic. It is unclear whether the defendant requires, or is receiving, medical treatment for his kidney condition. There is some indication that he has been hospitalized while at Norfolk, but the details are unknown.

For the reasons detailed herein, the defendant is detained pending the final revocation proceeding as a danger to the community and a serious risk of flight.[1]

## II. DISCUSSION

This court does not minimize the significance of the COVID-19 pandemic, and recognizes the potentially dangerous situation that could exist if the condition spread through the prison population. The decision to keep the defendant in detention is not made lightly. However, there is no indication that the defendant has come into contact with anyone who has been affected by the coronavirus. Moreover, the court has not been provided with medical information to establish that the defendant's conditions make him particularly susceptible to a serious case if he were to become infected. On the other hand, the evidence that the

---

[1] This detention order is without prejudice to the defendant, if appropriate, moving to reconsider and submitting additional medical evidence to establish that his medical conditions substantially increase his risk of becoming seriously ill if he contracts the coronavirus, and, if so, the conditions that would be in place if he were to be released. If such evidence is submitted, the government may challenge it, if appropriate, and may also provide evidence as to the steps being taken at Norfolk to protect this specific defendant.

defendant would pose a very serious risk to the community, and a serious risk of flight, if released is very strong.

The defendant is a citizen of the Dominican Republic, and has close ties to the DR. He does have 4 children here, but they all live with their mothers. He was deported in 1998, 2009 and 2017. His time in the United States has been filled with drug charges. For example, after having cocaine and marijuana charges either dismissed or continued without a finding, in 1997 he was found guilty in Malden District Court of distribution of cocaine and sentenced to 2 ½ years committed, with 1 year to serve and the balance suspended with probation. In 1997 he was also found guilty in Dorchester District Court of possession of marijuana and given probation. As noted above, the defendant was deported in 1998.

In 2004, the defendant was sentenced in Essex Superior Court to 5 years, and 3 years of incarceration on two drug trafficking charges. As noted above, he was deported in 2009. In 2012 he was charged with the underlying crime in this court of illegal re-entry of a deported alien, and sentenced in 2015. Prior to his conviction on that charge he was also charged in Quincy District Court with distribution of heroin, furnishing a false name, witness intimidation and forgery. He was deported in 2017.

In 2019 the defendant was charged in Norfolk Superior Court with the drug trafficking charges (cocaine, Percocet and MDMA) which form the basis of the instant probation violation, and a distribution of a Class A controlled substances charge out of Taunton District Court. The evidence before this court is that the defendant was arrested in an apartment with the drugs, drug packaging paraphernalia and $452 in cash.

To date, the defendant has been unable to conform his behavior to the requirements of the law, and his drug dealing poses a great risk to the community. Moreover, he poses a great risk of flight as evidenced by the fact that he is able to return to the United States without being caught, and has used different names. Under any circumstances other than the instant pandemic, this court would not likely even consider conditions of release.

This court does recognize, however, that these are not normal times. Therefore, the decision to detain the defendant is without prejudice, in accordance with footnote 1 above.

### III. ORDER

For all the reasons detailed herein, the defendant is ordered detained pending the final revocation proceeding. This order is without prejudice.

    / s / Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE